**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

| | | |
|---|---|---|
| RICHARD CHUDACOFF, M.D., | ) | 2:08-cv-00863-ECR-RJJ |
| Plaintiff, | ) | |
| vs. | ) | **Order** |
| UNIVERSITY MEDICAL CENTER; et al., | ) | |
| Defendants. | ) | |

Now pending are a number of motions filed after the case was remanded to this Court upon appeal. The motions are ripe, and we now rule on them.

**I. Background**

Plaintiff Richard Chudacoff, M.D. ("Plaintiff" or "Chudacoff") is a physician who was appointed to the position of Assistant Professor with the University of Nevada School of Medicine, and granted staff privileges at the University Medical Center of Southern Nevada ("UMC") in the obstetrics and gynecology department. Chudacoff worked at UMC from December 20, 2007, through May 28, 2008.

In 2008, the Medical Executive Committee ("MEC") suspended Chudacoff's obstetrical privileges. Chudacoff requested a fair hearing, but before the hearing was held, Chudacoff was terminated

from the University of Nevada School of Medicine.  Defendants filed a report with the National Practitioner Data Bank ("NPDB") stating that Chudacoff's privileges had been suspended indefinitely for substandard care and skill level.

    On July 2, 2008, Chudacoff filed the original complaint in this case.  A fair hearing was held, and the hearing committee ultimately disagreed with some of the MEC's determinations.  Additional hearings were also held with respect to Chudacoff's quality of care and alleged misrepresentations on his application.

    While the administrative process was ongoing, this Court granted partial summary judgment in favor of Chudacoff (#109), holding that Chudacoff was denied constitutionally sufficient procedural protections before being deprived of a protected property interest.  Ultimately, however, we granted summary judgment in favor of Defendants (#229), finding, *inter alia*, that the individual doctor Defendants were not acting under color of state law and thus could not be liable under § 1983.  We dismissed the state law claim against UMC and the Board of Trustess of UMC ("the Commissioners") because we did not elect to exercise supplemental jurisdiction after dismissal of the federal claim.  The case was appealed to the Court of Appeals for the Ninth Circuit, and the Ninth Circuit reversed our determination that the individual doctor Defendants John Ellerton ("Ellerton"), Dale Carrison ("Carrison"), Marvin Bernstein ("Bernstein"), and Donald Roberts ("Roberts"), members of the MEC, are not state actors.

    On August 28, 2009, before we granted summary judgment (#229) in favor of Defendants, Chudacoff filed a second action ("Chudacoff

2

II") in this district against doctors who participated in the second and third administrative hearings held subsequent to the filing of the present action. (2:09-cv-01679-RCJ-RJJ.)

Several motions have been filed since the case has been remanded, and are addressed in this Order.

**II. Plaintiff's Motion to File Third Amended Complaint (#359)**

Chudacoff seeks to file a third amended complaint to properly plead claims under 42 U.S.C. § 1983, remove claims that have been decided in favor of Defendants, and add defendants.[1]

The Court of Appeals for the Ninth Circuit reversed our determination (#229) that defendants Ellerton, Carrison, Bernstein, and Roberts were not acting under color of state law, and ordered that Chudacoff be permitted to amend his complaint to bring a § 1983 claim against Ellerton, Carrison, Bernstein, and Roberts. Plaintiff seeks to go beyond what the Ninth Circuit has ordered by including additional Defendants in his proposed amended complaint.

It is the doctor defendants in Chudacoff II that Chudacoff wishes to add to the present case. In Chudacoff II, Judge Robert C. Jones granted defendants' motion to dismiss, renewed motion to dismiss, and motion for summary judgment. Judge Jones held that Chudacoff's due process claims against defendants who are defendants

---

[1] Chudacoff argues that Defendants' opposition is untimely. Chudacoff filed the Motion to for Leave to File Third Amended Complaint (#259) on June 27, 2011, before the mandate of the Ninth Circuit was issued on July 1, 2011. Defendants' response, filed on July 14, 2011, is not untimely. This Court granted Defendants additional time due to Chudacoff's premature filing of the motion (#259).

in our case are barred by claim preclusion.  Judge Jones did not find claim preclusion against the new defendants.  Instead, he held that issue preclusion barred Chudacoff's claims against the doctor defendants in <u>Chudacoff II</u> based on our determination (#229) that the individual doctors in this case were not acting under color of state law.  <u>Chudacoff II</u> is currently on appeal.

Chudacoff seeks to add the claims that are on appeal in <u>Chudacoff II</u> to our case.  While Chudacoff must be permitted to properly plead his § 1983 claim against Ellerton, Carrison, Bernstein, and Roberts, we deny Chudacoff's request to file claims against additional doctor defendants while identical claims are on appeal in <u>Chudacoff II</u>.  Therefore, Chudacoff's Motion for Leave to File Third Amended Complaint (#259) shall be granted in part and denied in part on the basis that Chudacoff may plead a $ 1983 claim against Ellerton, Carrison, Bernstein, and Roberts, but may not bring claims against the defendants in <u>Chudacoff II</u> at this time.

**III. Plaintiff's Motion to Strike (#274) Docs. ## 271, 272**

Chudacoff requests that we strike documents # 271, 272 on the docket.  Counsel for defendants in <u>Chudacoff II</u> filed oppositions (## 271, 272) to Chudacoff's Motion to Re-Open Discovery (#258) and Motion for Leave to File Third Amended Complaint (#259).  These filings were inappropriate because counsel for the defendants in <u>Chudacoff II</u> does not represent any of the defendants remaining in this case, and the filings (## 271, 272) shall be stricken.

///

**IV. Plaintiff's Motion for Consolidation (#276)**

Chudacoff requests that we consolidate the present case with Chudacoff II. Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Chudacoff II is currently on appeal and is not pending before this Court, and therefore, we lack the authority to consolidate this case with Chudacoff II.

In his reply (#297), Chudacoff argues that the Motion for Consolidation (#276) actually requests an indicative ruling on the issue of consolidation. We decline to make an indicative ruling while Chudacoff II is on appeal.

**V. Plaintiff' Motion For Reconsideration of (#277) Dismissal of Kathleen Silver**

Chudacoff requests that we reconsider the dismissal of Kathleen Silver. The Ninth Circuit affirmed summary judgment in her favor, stating that Silver sits on the MEC, but does so in a non-voting, non-deliberating capacity. Chudacoff's "new evidence" consists of a an email and affidavit stating that Silver "emphasized that it was all personal with Dr. Roberts retaliating against [Chudacoff]." (Pl.'s Mot. for Reconsideration of Dismissal of Kathleen Silver at 3 (#277).) This evidence is entirely insufficient for the Court to reconsider the dismissal of Silver. Even if true, the evidence does not show that Silver was an "integral participant" in the deprivation of Chudacoff's rights, as is required for § 1983 liability. See Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d

5

1143, 1151 (9th Cir. 2011).  Plaintiff's Motion (#277) shall be denied.

### VI. Plaintiff's Motion for Attorney's Fees (Interim) (#278)

Plaintiff's request for interim attorney's fees (#278) is premature and shall be denied.

### VII. Plaintiff's Motion for Reconsideration (#279)

Chudacoff requests reconsideration of this Court's Order (#229) dismissing Chudacoff's claim against UMC and the Commissioners for breach of the implied covenant of good faith and fair dealing.  The state claim was dismissed because we did not elect to exercise supplemental jurisdiction after granting summary judgment on Chudacoff's § 1983 claim.  Chudacoff argues that because the § 1983 claim against the doctor Defendants has been remanded to this Court, supplemental jurisdiction exists and this Court should allow Chudacoff to pursue his claim for breach of the implied covenant of good faith and fair dealing against UMC and the Commissioners.

We reject Defendants' argument that Chudacoff waived his right to bring this motion because he failed to appeal our dismissal of the state law claim.  That claim was dismissed because we did not elect to exercise supplemental jurisdiction upon dismissal of the federal claim.  The federal claim has been remanded to this Court, and Chudacoff is not barred from arguing that we should allow him to pursue his state claim. Federal Rule of Civil Procedure 60(b)(5) provides that "the court may relieve a party . . . from a final

6

judgment, order, or proceeding [if] . . . it is based on an earlier judgment that has been reversed or vacated."

28 U.S.C. § 1367 provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." While the defendants against whom this state law claim has been brought are third parties to the federal claim against the doctor Defendants, it appears that in the interests of judicial economy, this Court should allow Chudacoff to bring the state law claim against UMC and the Commissioners. The claim is related to Chudacoff's § 1983 claim against the individual doctor Defendants, and had been brought in this case prior to our dismissal of the § 1983 claim. Chudacoff's Motion (#279) shall be granted.

### VIII. Plaintiff's Motion to Re-Open Discovery (#258)

Chudacoff requests that we re-open discovery to allow Chudacoff to amend his initial disclosures to include evidence related to damages suffered since May 2009. Chudacoff also wishes to present evidence of extended harm to his career during the pendency of the appeal. Chudacoff also seeks information Defendants withheld under the "peer review privilege." Chudacoff cites a case from this Court refusing to recognize academic peer review privilege. <u>Williams v. UMC</u>, 760 F. Supp. 2d 1026 (D. Nev. 2010).

Defendants oppose on the basis that Chudacoff's requested discovery is overly broad. We agree that Chudacoff should not be

7

allowed to seek discovery related to the proposed defendants from <u>Chudacoff II</u>.  However, we will re-open discovery for a limited period to allow Chudacoff to present evidence of his damages since discovery was closed previously, and to seek any materials withheld under the guise of peer review privilege.

### IX. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Third Amended Complaint (#259) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff shall have twenty-eight (28) days within which to file a third amended complaint pleading a § 1983 claim against defendants Ellerton, Carrison, Bernstein, and Roberts.  Plaintiff's Motion for Reconsideration of the Dismissal of the State Law Claims (#279) is **GRANTED**.  The amended complaint may include a claim for breach of the implied covenant of good faith and fair dealing against UMC and the Commissioners.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Re-Open Discovery (#258) is **GRANTED**.  Discovery shall be re-opened on the issue of Plaintiff's damages and any information withheld on the basis of peer review privilege for a period of ninety (90) days following the filing of Plaintiff's amended complaint.  Dispositive motions shall be due within thirty (30) days after the close of discovery.  A pre-trial order shall be due within thirty (30) days after the date dispositive motions were due, if none are filed, or within thirty (30) days after the date any dispositive motions are ruled upon.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (#274) is **GRANTED** and documents #271 and #272 shall be stricken.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Consolidate (#276) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider Dismissal of Kathleen Silver (#277) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney's Fees (#278) is **DENIED**.

DATED: October 21, 2011.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE