**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

| | | |
|---|---|---|
| RICHARD CHUDACOFF, M.D., | ) | 2:08-cv-00863-ECR-RJJ |
| Plaintiff, | ) | |
| vs. | ) | **Order** |
| UNIVERSITY MEDICAL CENTER; et al., | ) | |
| Defendants. | ) | |

Now pending are a number of motions following our Order (#302).

### I. Plaintiff's Motion for Sanctions

While the case was on appeal, Plaintiff filed a Motion for Sanctions Pursuant to Federal Rule of Appellate Procedure 46 & 28 U.S.C. § 1927. The Ninth Circuit remanded the case to this Court and ordered that we dispose of the Motion for Sanctions.

Plaintiff requests sanctions based on an alleged discovery violation. Specifically, Plaintiff claims that Defendants failed to disclose liability insurance for UMC which specifically covered:

> any past, present or future member of any duly constituted committee; any individual person engaged by a duly constituted committee for purposes of providing an expert opinion with regard fo peer review or credentialing decision concerning an individual physician; any individual in charge of any operational department or medical director, staff physician or faculty member of the Organization, regardless of whether or not such person is

>directly employed by the Organization or is considered to be an independent contractor.

(Ex. D. Pl's Mot. Sanctions.)  Plaintiff argues that failure to disclose this insurance policy was a violation of Federal Rule of Civil Procedure 26(a), which requires that a party must disclose "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." FED. R. CIV. P. 26(a)(1)(A)(iv).  Plaintiff further argues that the policy is evidence supporting a link between the physicians and UMC, the very issue that was on appeal.

The insurance policy included as an exhibit covers the period between April 16, 2004 and April 16, 2005.  This case arises from events that occurred in 2008.  The fact that Defendants did not disclose an insurance policy not in effect during the relevant time period should not, in our view, require sanctions.  Plaintiff's reply rebuts by providing an insurance policy with similar language effective in 2009.  It is unclear why Plaintiff did not attach that policy in addition to the 2004 policy to his initial motion, since Plaintiff states that both policies were produced on the same date. Producing the 2009 policy, which also does not cover 2008, but indicates that a similar policy may have been in effect in 2008, would have given Defendants the opportunity to engage with the merits of Plaintiff's motion, rather than rejecting the argument because the policy produced by Plaintiff was not in effect during the events relevant to this case.

The Court declines to order sanctions at this time, but cautions that the parties should exercise care in the ongoing discovery.

## II. Defendants' Motion for Clarification of the Court's Order (## 306, 312, 323, 324)

Defendants request that (1) the Court provide clarification of its Order (#302), (2) issue an Order striking Plaintiff's Third Amended Complaint filed on October 23, 2011, (3) issue an Order of Protection prohibiting Plaintiff's counsel from taking the requested depositions, (4) issue an Order striking Plaintiff's improperly disclosed Supplements and requiring Plaintiff to serve Supplements on all parties complaint with the Federal Rules of Civil Procedure, (5) issue an Order striking the report and testimony of Stan Smith, (6) grant sanctions against Plaintiff's counsel for failure to follow the Orders of this Court and the Ninth Circuit Court of Appeals, (7) recalculate discovery to run from the date of filing of a Third Amended Complaint which complies with this Court's orders, and (8) require that counsel attend mandatory, periodic meetings with the magistrate to discuss discovery issues which arise.

### A. Plaintiff's Third Amended Complaint

Defendants challenge Plaintiff's third amended complaint (#303) because of the inclusion of Kathleen Silver in the caption; the inclusion of the Medical and Dental Staff, an unincorporated association of private physicians created pursuant to Nev. Rev. Stat. § 450.440 ("Medical and Dental Staff"); the inclusion of

3

state law claims beyond the one permitted in our Order (#302); and the inclusion of DOE Defendants.

Plaintiff has agreed to remove Kathleen Silver from the caption, to remove the state law claims beyond the claim for violation of the implied covenant of good faith and fair dealing.

Plaintiff claims that the Medical and Dental Staff are defendants for the permitted state law claim, and therefore the Medical and Dental Staff may be included as defendants in this action, and therefore Plaintiff shall be permitted to retain the Medical and Dental Staff as defendants.

Plaintiff included DOE Defendants because he claims the Ninth Circuit stated that "the individual members of the MEC responsible for wrongfully depriving Chudacoff of his protected property interest in UMC staff privileges cannot escape § 1983 liability as private actors." Because of this, Plaintiff wishes to amend to include all members of the MEC who voted in the affirmative to suspend Dr. Chudacoff's privileges. Plaintiff's attempt to include such a broad class of Defendants without further justification shall be denied. Merely voting in the affirmative to suspend Dr. Chudacoff's privileges is not the kind of wrongful deprivation that the Ninth Circuit was referring to.

Plaintiff has recently filed a Motion for Leave to File Fourth Amended Complaint (#338) with a proposed Fourth Amended Complaint that includes all voting members of the MEC. Plaintiff's Motion (#338) shall be denied for the reason that simply voting is not wrongful deprivation of Plaintiff's rights, and therefore Plaintiff's proposed Fourth Amended Complaint is rejected.

4

**B. Clarification of our Order (#302)**

Our Order (#302) reopened discovery for the purposes of determining Plaintiff's damages since discovery closed in May 2009. While we did not disallow Plaintiff's inclusion of new experts on the issue of his damages, we limited discovery on the issue of damages to post-May 2009 damages. We did, however, allow Plaintiff to pursue any discovery previously withheld on the basis of peer review privilege, which we ruled does not apply.

**C. Request for Protective Order/Strike Disclosures/Periodic Meetings**

Defendants state in their Reply (#317) that their request for a protective order is part of an "ongoing discovery issue which needs to be handled by the Magistrate Judge." The Magistrate Judge has indicated that he will handle the motions relating to discovery that are pending, and therefore we will not rule on this issue at this time.

Similarly, Defendants' request that disclosures be stricken and the expert witness be stricken shall not be ruled on at this time.

Defendants' request for periodic meetings with the Magistrate Judge shall be denied.

**D. Request for Sanctions**

Defendant's request for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2) is without merit, and shall be denied.

**E. Recalculate Discovery Period**

Discovery shall remain open for an additional sixty (60) days following the date of entry of this Order.

5

### III. Defendants' Motion to Strike Plaintiff's Fourth Amended Complaint Erroneously Filed as Errata to Third Amended Complaint (#310)

Defendant's Motion (#310) states that Plaintiff's Errata to Third Amended Complaint should be treated as a Fourth Amended Complaint filed without permission of the Court. Because the Errata (#308) was filed to correct mistakes contained in the Third Amended Complaint, the Court shall consider the Exhibit attached to the Errata (#308) as an amendment to the Third Amended Complaint contemplated by our previous Order (#302), and the Errata (#308) shall not be stricken. We have also ruled above that Plaintiff's Motion for Leave to File Fourth Amended Complaint (#338) is denied because Plaintiff's proposed Fourth Amended Complaint includes improper claims.

However, as noted above, we have denied Plaintiff the opportunity to add by name the DOE Defendants who are additional voting members of the MEC in Plaintiff's proposed Amended Complaint (#338-1). Within fourteen (14) days of the date of entry of this Order, Plaintiff shall file a Fourth Amended Complaint which shall incorporate the changes contemplated by the Errata except for the reference to DOE Defendants who are the additional voting members of the MEC.

### IV. Plaintiff's Motion to Set a Trial Date (#334)

Plaintiff's Motion to Set a Trial Date (#334) shall be denied. The parties are still conducting discovery, filing dispositive motions, and on December 12, 2011, Plaintiff filed a Motion for

6

Leave to File Fourth Amended Complaint (#338).  Nor is it correct that there is only one issue remaining.  Plaintiff's Third Amended Complaint (#308-1) includes a state law claim which remains undecided.

### V. Conclusion

**IT IS HEREBY ORDERED** that Defendants' Motions (##306, 323, 324) are **GRANTED IN PART AND DENIED IN PART**: Defendants' request that Kathleen Silver and the improper state law claims be removed from Plaintiff's Third Amended Complaint and request for clarification are granted. Discovery shall remain open for an additional sixty (60) days after the date of entry of this Order.  Defendants' request for sanctions is denied.  The remaining issues not addressed by this Order shall be addressed by the Magistrate Judge and Defendants' additional motions concerning those issues.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike the Errata (#310) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions, originally filed in the Court of Appeals, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Set a Trial Date (#334) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Fourth Amended Complaint (#338) to include voting members of the MEC is **DENIED** because Plaintiff has alleged only that these members

7

voted against Plaintiff, which is insufficient.  In order to clear the record concerning DOE Defendants, however, Plaintiff is ordered to file a fourth amended complaint removing any reference to the DOE Defendants and otherwise complying with this Order within fourteen (14) days.

DATED: December 20, 2011.

                                                   /s/ Edward C. Reed
                                                 UNITED STATES DISTRICT JUDGE