**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD M. CHUDACOFF, | 2:08-CV-00863-ECR-RJJ |
| Plaintiff, | **Order** |
| vs. | |
| UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, et al., | |
| Defendants. | |

Now pending before the Court is Defendants' Motion for Summary Judgment on the Issue of the Applicability of NRS § 41.035 (#326). The motion is ripe and we now rule on it.

## I. Background

Defendants filed their Motion for Summary Judgment on the Issue of the Applicability of NRS § 41.035 (#326) on November 30, 2011. Plaintiff responded (#327) on November 30, 2011. Defendants replied (#339) on December 19, 2011.

Plaintiff subsequently filed the fourth amended complaint (#343), the operative complaint in this case, on January 3, 2012.[1]

---

[1] At the time the instant motion was filed, Plaintiff's third amended complaint (#303) was controlling. Because the allegations in the third amended complaint (#303) and the fourth amended complaint (#343) with regard to Plaintiff's second cause of action for breach

## II. Legal Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual dispute exists. Nw. Motorcycle Ass'n v. U.S. Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994). The court must view the evidence and the inferences arising therefrom in the light most favorable to the nonmoving party, Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir. 1996), and should award summary judgment where no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. FED. R. CIV. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing that there exists a genuine issue for trial. Anderson

---

of the implied covenant of good faith and fair dealing are identical, the Court will analyze Defendants' motion in light of the fourth amended complaint (#343), as the amendment did not affect this claim and Defendants' arguments are therefore applicable.

2

v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form--namely, depositions, admissions, interrogatory answers, and affidavits--only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. FED. R. CIV. P. 56(c); Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1181 (9th Cir. 1988).

In deciding whether to grant summary judgment, a court must take three necessary steps: (1) it must determine whether a fact is material; (2) it must determine whether there exists a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) it must consider that evidence in light of the appropriate standard of proof. Anderson, 477 U.S. at 248. Summary judgment is not proper if material factual issues exist for trial. B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999). As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Disputes over irrelevant or unnecessary facts should not be considered. Id. Where there is a complete failure of proof on an essential element of the nonmoving party's case, all other facts become immaterial, and the moving party is entitled to judgment as a matter of law. Celotex, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but rather an integral part of the federal rules as a whole. Id.

### III. Discussion

Defendants argue that Nevada Revised Statutes ("NRS") § 41.035, a statutory damages cap, applies to Plaintiff's second cause of action for breach of the implied covenant of good faith and fair dealing arising under Nevada law. NRS § 41.035, as it stood in 2008,[2] provides in relevant part as follows:

> An award for damages in an action sounding in tort brought under NRS 41.031[3] or against a present or former officer or employee of the State or any political subdivision, immune contractor or State Legislator arising out of an act or omission within the scope of the person's public duties or employment may not exceed the sum of $75,000, exclusive of interest computed from the date of judgment, to or for the benefit of any claimant. An award may not include any amount as exemplary or punitive damages.

NEV. REV. STAT. § 41.035(1). The parties do not dispute the applicability of the section other than their disagreement over whether Plaintiff has pled a breach of the implied covenant of good faith and fair dealing arising out of contract or tort. Defendants argue that Plaintiff's claim sounds in tort because the fourth amended complaint (#343) seeks damages that sound in tort:

> Defendants' actions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for the rights of the Plaintiff. The Plaintiff is therefore entitled to an award of punitive or exemplary damages in an amount to compensate the plaintiff for mental anguish, humiliation, and outrage that the Plaintiff has suffered due to the Defendant's [sic] conduct and to deter Defendants' [sic]

---

[2] NRS § 41.035 was amended in 2007 to increase the cap from $50,000 to $75,000 and to provide for an automatic increase to $100,000 for causes of action accruing on or after October 1, 2011. 2007 Nev. Legis. Serv. 512 (West).

[3] NRS 41.031 comprises the State of Nevada's waiver of immunity from liability and civil actions.

4

and other organizations and individuals from like conduct in the future.

(Fourth Am. Compl. (#343) at ¶ 138.)  Further, Plaintiff has not alleged a breach of contract.  Plaintiff, however, categorically asserts that he is pursuing a contract-based covenant claim and not a tort-based covenant claim, which applies when there is a special relationships between the tort-victim and the tort-feasor and a defendant's conduct goes "well beyond the bound of ordinary liability for breach of contract." K Mart Corp. v. Ponsock, 732 P.2d 1364, 1370 (Nev. 1987), *abrogated on other grounds by* Ingersoll-Rand Co. v. McClendon, 498 U.S. 133 (1990).

Nevada courts look to the type of damages claimed in order to decide whether an action for breach of the covenant of good faith and fair dealing lies in contract or in tort.  In K Mart, the Nevada Supreme Court upheld non-contract damages awarded to an employee discharged in bad faith under the tort theory of breach of the covenant of good faith and fair dealing, which the court labeled a claim of "bad faith discharge."[4]  Id. at 1369.  The court upheld the jury award, which included damages that were not available to the plaintiff under a contract theory, such as the loss of his home due to his unemployment and for emotional suffering, because it found

---

[4] The K Mart court advised parties to plead such claims in an employment context thusly: "'breach of employment contract,' for the true breach of contract case, . . . 'bad faith discharge,' for the cases involving breach of the implied covenant of good faith and fair dealing. Id. at 1369 n. 6 (quoting Koehrer v. Sup. Ct., 181 Cal. App. 3d 1155, 1163 (Cal. Ct. App. 1986).  Therefore the issue before the Court may also be construed as whether Plaintiff has plead a claim for bad faith discharge.

5

that the defendant's "conduct [went] well beyond the bound of ordinary liability for breach of contract." Id. at 1368-70.

In A.C. Shaw Construction, Inc. v. Washoe County, 784 P.2d 9 (Nev. 1989), the Nevada Supreme Court distinguished between the tort and contract versions of a claim for breach of the implied covenant of good faith and fair dealing based on the type of damages sought by the plaintiffs: "Here, appellants' claim was for *contract* damages. The law would be incongruous if the covenant is implied in every contract, and yet the only remedy for breach of that covenant is if tort damages are alleged." Id. at 10 (emphasis in original). In that case, because the plaintiffs were seeking contract damages, the court found that they were not proceeding under the tort theory that would require the plaintiffs to allege tort damages and to prove a special relationship between the tort victim and the tortfeasor. Id. Because the plaintiffs alleged contract damages, the court determined that they pled a breach of the implied covenant of good faith and fair dealing sounding in tort.

Finally, in Great American Insurance Co. vs. General Builders, Inc., 934 P.2d 257 (Nev. 1997), the Nevada Supreme Court overturned an award of punitive damages, finding that the plaintiff had asserted a contract claim and not one for a tortious breach of the covenant of good faith and fair dealing. Id. at 263.

Here, Plaintiff seeks damages not available in contract: punitive damages and emotional suffering. (See Fourth Amd. Compl. (#343) at ¶ 138.) As noted in Great American, NRS § 42.005 prohibits an award of punitive damages in action for breach of an

obligation arising from contract.  Id.; see also NEV. REV. STAT. § 42.005(1) ("[I]n an action for the breach of an obligation not arising from contract, . . . the plaintiff, in addition to the compensatory damages, may recover damages for the sake of example and by way of punishing the defendant.").  Additionally, to the extent Plaintiff seeks compensation for emotional suffering allegedly resulting from Defendants' breach of the covenant, compensation is not available under a claim sounding in contract theory. See Foley v. Interactive Data Corp., 765 P.2d 373, 402 (Cal. 1988) ("As a general rule, damages recoverable in contract actions have been limited to those within the contemplation of the parties at the time of the contract. . . Since the ordinary commercial contract does not contemplate damages for mental or emotional distress, this rule has led to the maxim that damages for mental suffering are generally not recoverable in action for breach of contract." (citations omitted)).

    For the foregoing reasons, even when viewing the complaint in Plaintiff's favor, the Court finds that Plaintiff has pled a claim for the breach of implied covenant of good faith and fair dealing sounding in tort, also known as bad faith discharge.  Because NRS § 41.035 applies to "action[s] sounding in tort brought under NRS 41.031," Plaintiff is limited to an award not exceeding $75,000.  Additionally, "[a]n award may not include any amount as exemplary or punitive damages."

### IV. Conclusion

NRS § 41.035 applies to tort actions against employees of the State of Nevada or any of its political subdivisions to limit the amount and type of damages a plaintiff may seek. Nevada courts look to the type of damages alleged to determine whether an action sounds in tort or contract. Here, because Plaintiff has pled tort-style damages not available in contract, Plaintiff's claim for an implied breach of the covenant of good faith and fair dealing lies in tort. As such, NRS § 41.035 applies to limit Plaintiff to $75,000 in damages and preclude an award of punitive damages.

The present motion (#326) is not in the appropriate sense a motion for summary judgment. Rather, it is in effect a motion in limine. What we call it, however, does not change the effect of our order.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' Motion for Summary Judgment on the Issue of the Applicability of NRS § 41.035 (#326) is **GRANTED**.

DATED: February 28, 2012.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE

8