UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD M. CHUDACOFF, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, et. al.<br><br>Defendants. | 2:08-cv-00863-ECR-RJJ<br><br>**ORDER**<br><br>Defendants' Joint Motion to Strike Plaintiff's Reply Letter to the Magistrate Regarding Settlement (#311) |

This matter comes before the Court on Defendants' Joint Motion to Strike Plaintiff's Reply Letter to the Magistrate Regarding Settlement (Reply Letter filed at Document # 305) (#311). The Court also considered Plaintiff's Opposition (#313) and Defendants' Joint Reply (#320).

## BACKGROUND

On November 1, 2011, Plaintiff Richard Chudacoff filed a letter sent to Magistrate Judge Johnston regarding a scheduled settlement conference (#305). On November 7, 2011, Defendants filed this Joint Motion to Strike (#311). Defendants argue that Plaintiff's Reply Letter was improper and should be stricken from the record.

## DISCUSSION

Defendants argue that Plaintiff's Reply Letter (#305) was improper because it publicized certain communications between the parties regarding settlement, specifically that Plaintiff will

1   not "settle for a dime less than $10.89 million." This argument is unconvincing. There is nothing
2   that says that any settlement in this case will or must be confidential. In fact, inasmuch as the
3   lead Defendant, University Medical Center, is a public entity, Nevada law will require public
4   disclosure of any payment to settle this case. The only authority Defendants cite in support of the
5   assertion that settlement demands must be kept secret is Federal Rule of Evidence 408, which
6   excludes settlement offers from admissible evidence. This Rule does not apply to these facts.
7   This is not an evidentiary issue. Defendants insinuate that the information in the Reply Letter
8   may be prejudicial toward the defense when it comes to choosing jurors for trial. The Court is
9   confident, however, that the attorneys for the defense will diligently address this issue during *voir*
10  *dire*.

11      Defendants also argue that the Reply Letter was an improper attempt to "schew these
12  proceedings in [Plaintiff's] favor." Reply (#320) at 4. As the Plaintiff noted in his Opposition
13  (#313) to this motion, this argument is without merit. As part of the settlement conference
14  proceedings the parties were each required to submit a settlement brief to the court. Each of the
15  parties' settlement briefs presented the case in the light most favorable to that party with an eye
16  towards settlement. Much of the same information regarding Dr. Chudacoff's absolute bottom
17  line settlement demand was included in his settlement brief. Accordingly, there is nothing that
18  was in the letter which Defendants are seeking to strike which has not already been
19  communicated to the judge in Plaintiff's settlement brief.

20      Finally, Defendants state that it is "telling" that Plaintiff did not offer any reasons why his
21  Reply Letter "should remain part of the record of this case." *Id*. Defendants seem to forget that it
22  is they who have filed this motion to strike and bear the burden of proof. It is Defendants who
23  have failed to show why the Reply Letter should be stricken. Defendants do not. Defendants'
24  Motion to Strike (#311) is not calculated to advance this case to resolution by either settlement or
25  litigation at trial. It is an unfortunate and unnecessary distraction that is denied.

26
27
28                                          2

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendants' Joint Motion to Strike Plaintiff's Reply Letter to the Magistrate Regarding Settlement (#311) is **DENIED**.

DATED this  1st  day of March, 2012.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge