**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| RICHARD M. CHUDACOFF, M.D., | 2:08-cv-00863-ECR-RJJ |
| Plaintiff, | |
| vs. | **ORDER** |
| UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, et. al. | |
| Defendants. | |

This matter is before the Court on the following motions:

a.   Defendants' Joint Emergency Motion For Protective Order (#312);

b.   Motion for Protective Order (#325); and,

c.   Motion to Strike Plaintiff's Improper Disclosures (#324).

Additionally, the Court considered the Oppositions (#309 and #314) and Replies (# 317 and #319).

**BACKGROUND**

On November 2, 2011, Defendants file a document (#306) titled "Joint Emergency Motions:

(1)   Motion for Clarification of the Court's Order (Document #302);

(2)   Motion to Strike Plaintiff's Third Amended Complaint;

(3)   Motion to Strike Plaintiff's Improper Disclosures; and,

|   |   |   |
|---|---|---|
| (4) | | Motion For Protective Order and Request for Periodic Mandatory Meetings with the Magistrate Judge. |

Subsequently, the Clerk of Court entered the compound motions as three additional entries on the court's docket to create a separate entry for each motion. *See*, Notice of Docket Correction dated November 22, 2011. These motions were designated:

(1)   Motion for Clarification of the Court's Order (#306);

(2)   Motion to Strike Plaintiff's Third Amended Complaint; (#323);

(3)   Motion to Strike Plaintiff's Improper Disclosures (#324); and,

(4)   Motion For Protective Order and Request for Periodic Mandatory Meetings with the Magistrate Judge (#325).

Additionally, the Defendants filed another Emergency Motion for Protective Order (#312) on November 2, 2011. It appears to be identical to the previous Motion to Compel (#325), except for an additional argument that the Court's Order (#302) reopening discovery did not allow for the taking of depositions.

While these matters were being briefed by the parties, a settlement conference was set pursuant to the previous Order of the court (#301). The settlement conference was conducted in two sessions on November 17, 2011, and December 7, 2011. There was no settlement.

**Joint Emergency Motion For Protective Order (#312)**
**Motion for Protective Order and (#325)**

Defendants argue that certain deposition requests made by Chudacoff fall outside the intended scope of the re-opened discovery. Chudacoff states in his Response to Defendants' motion that he only requests depositions for Shana Tello, and the four individually named defendants, Drs. Carrison, Ellerton, Bernstein, and Roberts. Chudacoff asserts that he seeks to depose Ms. Tello for purposes of determining the content proceedings and decisions of the May 27, 2008 MEC, meeting. That information had previously been withheld on the basis of a peer review privilege. Chudacoff seeks to depose the four named defendants for two reasons. First, he seeks to determine what went on at the May 27, 2008 MEC meeting, and, moreover, the scope of

each defendant's actions at the meeting, which had also been withheld on the basis of peer review privilege. Second, Chudacoff seeks to discuss with each defendant their net worth, which will inform his calculation of a punitive damages claim.

Chudacoff's requests are within the scope of the re-opened discovery. Discovery was re-opened in order to allow Chudacoff to present evidence of his damages, and to seek "materials" withheld under the guise of peer review privilege. The noticed depositions noticed to be targeted at authorized discovery. The Court's Order (#302) contains no prohibition against the use of depositions during the re-opened discovery period. Thus, good cause is not shown and no protective order is necessary. The Court's Orders (#302) and (#340) are sufficient to serve as guides so that Chudacoff may adhere to the scope of discovery outlined therein.

### Motion to Strike Plaintiff's Improper Disclosures (#324)

Following the entry of the Ninth Circuit Opinion (#255) in this case, Chudacoff served several supplements to his previous discovery disclosures upon counsel for the four individual doctor defendants. On November 2, 2011, Defendants' Motion to Strike Plaintiff's Improper Disclosures (#324) was filed.

Defendants argue that Chudacoff's supplemental disclosures should be stricken for three reasons. First, the Defendants argue that the supplements were improper because they were served at a time when discovery had not yet been reopened. Second, Defendants point out that the supplements were only served upon counsel for the four individual doctor defendants and not counsel for University Medical Center (UMC) and the Board of Trustees of UMC (the Board). Defendants argue that the Court should strike the disclosures and require Chudacoff to re-serve them on all the defendants. Third, Defendants assert that the disclosures contained the purported expert report of Stan Smith, who plans to testify regarding Chudacoff's damages. Defendants argue that Judge Reed's October 21, 2011 Order (#302) reopening discovery does not allow for new expert witnesses and that Stan Smith should not be allowed to testify. In the alternative, Defendants argue that, should the Court allow the disclosure of Stan Smith as an expert, his

3

testimony should be limited to Chudacoff's post-May 2009 damages.

## DISCUSSION

### I. Timeliness and Propriety of Chudacoff's Supplemental Disclosures

Federal Rule of Civil Procedure 26 requires parties to supplement or correct previous discovery disclosures under certain circumstances. The Rule, however, does not specifically mandate when such supplements must be made, only that they must be made "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court." FED. R. CIV. P. 26(1).

Aside from the expert report of Stan Smith, Defendants do not claim that the disclosures themselves are inappropriate, only that they were served outside of the discovery time frame. However, Rule 26(e) does not require that disclosure amendments must be served before the discovery deadline, only that they must be made "in a timely manner." *See Dayton Valley Investors, LLC v. Union Pacific R. Co.*, 2010 WL 3829219 (D. Nev. 2010) ("The rule does not limit the time for supplementation of prior disclosures to the discovery period."). These disclosures are supplemental and are not untimely.

The supplemental disclosures were only served on counsel for the four individual doctor defendants. Defendants request that the Court strike Chudacoff's supplemental disclosures and require him to re-serve these disclosures on all Defendants. This would be needlessly duplicative. In his Response (#309) Chudacoff states that, at the time he made these amended disclosures, counsel for the four doctor defendants was the only counsel in the case. After additional counsel appeared representing UMC and the Board, counsel for Chudacoff began the process of serving the disclosures on them. Thus, Chudacoff's supplemental disclosures appear to be entirely timely and proper.

. . . .

## II. New Expert Witness Disclosure

Defendants assert that the disclosures contained the purported expert report of Stan Smith, who will testify regarding Chudacoff's damages. Defendants originally argue that Judge Reed's October 21, 2011 Order (#302) reopening discovery does not allow for new expert witnesses and that Stan Smith should not be allowed to testify. In the alternative, Defendants argue that Stan Smith's testimony should be limited to Chudacoff's post-May 2009 damages.

The Court's December 21, 201, Order (#340) clarified the previous Order (#302) stating: "While we did not disallow Plaintiff's inclusion of new experts on the issue of his damages, we limited discovery on the issue of damages to post-May 2009 damages." Therefore, any expert testimony from Stan Smith should be limited to Chudacoff's damages since May 2009.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendants' Joint Emergency Motions for Protective Order (#325) and (#312) are DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Strike Plaintiff's Improper Disclosures (#324) is **DENIED** in part and **GRANTED** in part. The motion is **GRANTED** as to the request that Stan Smith's expert testimony be limited to Chudacoff's post-May 2009 damages, and **DENIED** in all other respects.

DATED thi  1st  day of March, 2012.

ROBERT J. JOHNSTON
United States Magistrate Judge