# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD CHUDACOFF, | |
| Plaintiff, | Case No. 2:08-cv-00863-RCJ-GWF |
| vs. | **ORDER** |
| UNIVERSITY MEDICAL CENTER, *et al.*, | **Motion for Sanctions - #560** |
| Defendants. | |

This matter is before the Court on Defendants University Medical Center and the Board of Trustees of University Medical Center's Motion for Sanctions (#560), filed on September 17, 2012; Plaintiff's Opposition to Defendants' Motion for Sanctions (#583), filed on October 4, 2012; and Defendants' Reply in Further Support of Defendants' Motion for Sanctions (#587), filed on October 15, 2012.

## BACKGROUND AND DISCUSSION

Defendants' Motion for Sanctions (#560) is related to their Emergency Motion to Compel Discovery (#547), filed on August 31, 2012, regarding their efforts to notice and take the deposition of Plaintiff's expert witness, Stan Smith. Mr. Smith is an economist who has calculated Plaintiff's alleged loss of past and future earnings allegedly resulting from the Defendants' wrongful conduct. Mr. Smith is based in Chicago, Illinois.

On July 6, 2012, the District Judge reopened discovery for a period of sixty days following the filing of the Plaintiff's fifth amended complaint which was also filed on July 6, 2012. On August 13, 2012, the Defendants' counsel served a notice of deposition to take Mr. Smith's deposition in Las Vegas, Nevada on August 28, 2012. Defendants' counsel also served a subpoena

for testimony and to produce documents on Mr. Smith by delivering the subpoena to Plaintiff's counsel's office which was listed as the address for Mr. Smith on Plaintiff's Rule 26(a) witness disclosures. Plaintiff's counsel objected to the subpoena on a number of grounds including that Mr. Smith was not available for deposition in Las Vegas on August 28th, that Plaintiff's counsel was not available on other proposed dates, that the subpoena only called for the production of documents-not testimony, that Defendants had not tendered the payment of the witness's fee and travel expenses with the subpoena, and that Defendant had been unreasonably dilatory in noticing the deposition. Although the Defendants tendered a check in the amount of $2,310 for Mr. Smith's witness fee and/or travel expenses, Plaintiff still refused to agree to a date for the taking of Mr. Smith's deposition.

Prior to the noticing of Mr. Smith's deposition, the "MEC Defendants," who were joined in this action by the fifth amended complaint, filed an Emergency Motion to Stay Discovery (#517) on August 6, 2012. The MEC Defendants requested that all discovery be stayed until the District Court ruled on their motion to dismiss the fifth amended complaint. After this case was reassigned to the undersigned Magistrate Judge on December 3, 2012, the undersigned conducted a January 17, 2013 hearing on pending motions and granted the MEC Defendants' motion to stay discovery pending a decision on its motion to dismiss. If the undersigned had been the assigned magistrate judge in this case in August 2012 and had acted on the MEC Defendants' motion to stay at or near that time, he would have likewise granted the motion to stay discovery which would have stayed the taking of Mr. Smith's deposition. Alternatively, if for some reason the Court had decided that discovery should go forward while the MEC Defendants' motion to dismiss was pending, then the Court would have required the parties to agree on an appropriate date for the taking of Mr. Smith's deposition (or would have set a date for the taking of the deposition if the parties could not agree) and would have ordered the Defendants to pay Dr. Smith's reasonable travel and lodging expense and expert witness fee for his deposition time in accordance with Fed.R.Civ.Pro. 26(b)(4)(E).

As this Court indicated during the January 17, 2013 hearing, once a decision is rendered on the MEC Defendants' motion to dismiss, the Court will reopen discovery for a reasonable period of time, the length and scope of which will be affected by whether MEC Defendants remain parties in

this case. The Court will, at that time, permit Defendants, if they still desire, to take Mr. Smith's deposition on the conditions set forth in the preceding paragraph. For these reasons, the Court denies Defendants' Motion for Sanctions (#560).

The Court is compelled, however, to comment on the disparaging emails that were exchanged between Plaintiff and Plaintiff's counsel regarding Defendants' counsel Ms. Hansen and which Plaintiff and Plaintiff's counsel then forwarded to Ms. Hansen. The circumstances as to how this occurred are set forth in Defendants' Motion to Compel (#547), pgs. 5-7. Defendants have not requested that Plaintiff or his counsel be sanctioned for sending these emails to Defendants' counsel. Defendants have apparently included the contents of the emails in their motion to demonstrate the unprofessional nature of Plaintiff's counsel's behavior in his dealings with Defendants' counsel. Plaintiff's counsel has not addressed the emails in the response to the Defendants' motions to compel or motion for sanctions. He has not asserted that the emails were inadvertently sent to Defendants' counsel. To the extent that Plaintiff's counsel knowingly sent or allowed his client to send the subject emails to Defendants' counsel, the Court finds Plaintiff's counsel's conduct to be unprofessional. A repeat of such conduct may warrant the imposition of sanctions against Plaintiff or his counsel. *See Davis v. Los Angeles West Travelodge*, 2010 WL 623657 (C.D.Cal. 2010) (court imposed sanctions on party's counsel for unprofessional conduct toward the opposing party and his counsel).

Based on the foregoing,

**IT IS HEREBY ORDERED** that Defendants University Medical Center and the Board of Trustees of University Medical Center's Motion for Sanctions (#560) is **denied.**

DATED this 14th day of February, 2013.

GEORGE FOLEY, JR.
United States Magistrate Judge