**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RICHARD CHUDACOFF,  )
          Plaintiff,  )  Case No. 2:08-cv-00863-RCJ-GWF
vs.  )  **ORDER**
UNIVERSITY MEDICAL CENTER, *et al.*,  )  **Emergency Motion - #609**
          Defendants.  )

      This matter is before the Court on Defendants' Emergency Motion to Enforce Amended Stipulated Protective Order and to Strike Plaintiff's Withdrawal of Consent (#609), filed on January 25, 2013; Plaintiff's Opposition to Emergency Motion (#612), filed on January 29, 2013; and Defendants' Reply in Support of Emergency Motion (#618), filed on February 8, 2013.

**BACKGROUND AND DISCUSSION**

      In Order (#611), filed on January 29, 2013, the Court adopted Amended Stipulated Protective Order (#507), submitted by the parties on July 25, 2012, pending a final decision on Defendants' Emergency Motion (#609). The protective order provides that the financial or net worth information that Defendants John Ellerton, Dale Carrison, Marvin Bernstein and Donald Roberts produce in response to Plaintiff's discovery requests is for "attorney's eyes only" review until and unless otherwise ordered by the Court. In his opposition, Plaintiff argues that good cause does not exist for the "attorney's eyes only" restriction and it should be removed.

      The "attorney's eyes only" restriction was originally imposed by Magistrate Judge Johnston in the April 25, 2012 telephone conference during the deposition of Defendant Bernstein. *Defendant's Emergency Motion (#609), Exhibit C, Excerpt of Dr. Bernstein's Deposition*

*Transcript.* Presumably, Magistrate Judge Johnston believed that Defendants' financial information, which in general is private information, did not need to immediately be disseminated to the Plaintiff or to others in order for Plaintiff to adequately prepare and litigate his case. As discussed in Order (#615), federal courts permit a plaintiff to obtain discovery relating to the defendant's net worth without being required to establish a *prima facie* case for the award of punitive damages. Such pretrial discovery allows the Plaintiff's counsel to obtain the net worth evidence that he will need to introduce at trial if the punitive damages claim is allowed, without further delaying the trial. Obviously, if the Court allows Plaintiff's punitive damages to proceed at trial, Plaintiff will be permitted to introduce evidence of Defendants' net worth. Prior to trial, Plaintiff's counsel may also have a legitimate purpose in providing the net worth information to his economic expert for purposes of offering expert advice or testimony relating to the Defendants' net worth. It may also be appropriate to share information about Defendants' net worth with the Plaintiff, himself, for purposes of Plaintiff's settlement demand and possible future settlement negotiations.

Plaintiff's counsel has already represented to the Court that Dr. Chutacoff does not wish to review the documents relating to Defendants' net worth. *See Opposition (#613), Declaration of Jacob L. Hafter, Esq.*, ¶¶ 6-7. Discovery in this case has been stayed pending a decision on the MEC Defendants' motion to dismiss. Until that motion is ruled upon, Plaintiff's counsel would appear to have no need to provide Defendants' financial information to any other person, including an economist or other expert. In the event the District Judge does not decide Defendants' motion for partial summary judgment on the punitive damages issues at the same time or before he rules on the MEC Defendants' motion to dismiss, then Plaintiff's counsel may request the Court to lift the "attorney's eyes only" limitation so that he can provide the net worth information to his economist or other expert or to the Plaintiff for purposes of settlement discussions. Until such time, the "attorney's eyes only" restriction will remain in effect. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Emergency Motion to Enforce Amended Stipulated Protective Order and to Strike Plaintiff's Withdrawal of Consent (#609) is **granted**. The . . .

1  "attorney's eyes only" restriction applicable to the production of Defendants' financial or net worth
2  shall remain in effect until such time as the Court orders otherwise as indicated above.
3  DATED this 14th day of February, 2013.

```
                                        _____
                                        GEORGE FOLEY, JR.
                                        United States Magistrate Judge
```