# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| RICHARD CHUDACOFF, | ) | |
|     Plaintiff, | ) | Case No. 2:08-cv-00863-RCJ-GWF |
| vs. | ) | **ORDER** |
| UNIVERSITY MEDICAL CENTER, *et al.*, | ) | Motion for Sanctions (#373) |
|     Defendants. | ) | |

    This matter comes before the Court on Plaintiff's Motion for Sanctions (#373), filed on March 2, 2012. Defendants filed a timely Opposition (#404) on March 16, 2012. Plaintiff filed a timely Reply (#425) on March 26, 2012.

    Plaintiff seeks sanctions against Defendants Ellerton, Carrison, Bernstein, Roberts, and Medical Staff of UMC ("Defendants") for untimely noticing the deposition of the person most knowledgeable of third-party Delphi Healthcare Partners, Inc. The previous district judge in this case extended discovery until February 21, 2012. *See Doc. #340* at 7:10-11. Defendants moved for an additional extension on February 10, 2012. *See Doc. #355*. Defendants represent that on February 21, Plaintiff served his twenty-third Supplement to his Initial Disclosures wherein he identified the Person Most Knowledgeable of Delphi as a witness. Plaintiff represents that Defendants noticed Delphi's deposition on March 1, 2012. The previous district judge, noting Plaintiff's "last minute disclosures," *see Doc. #493* at 5:5, granted Defendants' Motion (#355) on July 6, 2012 and extended discovery "for a period of sixty days following the filing of Plaintiff's fifth amended complaint[.]" *Id.* at 13:11-12. This Court granted Defendants' Motion to Stay Discovery (#517) pending ruling on Defendants' Motion to Dismiss (#545) on January 17, 2013.

*See Minutes of Proceedings, Doc. #603*. This Court denied Plaintiff's Motion for Protective Order (#372) regarding the subject subpoena on January 17, 2013. *See Doc. #604*.

Courts have "wide latitude" to exercise discretion in sanctioning parties under Federal Rule of Civil Procedure 37. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir.2001). "Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness." *Id*. at 1107. In determining whether a violation of a discovery deadline is justified or harmless, courts may consider (1) prejudice or surprise to the other party; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed.Appx. 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar, Inc*., 324 F.3d 851, 857 (7th Cir.2003)). The Court finds that Defendants' subpoena for Delphi did not prejudice Plaintiff, did not disrupt trial, and was not issued in bad faith. Furthermore, in light of the stay the Court imposed in this case and the discovery extension granted by the district judge, *see Doc. #493*, sanctions are not warranted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions (#373) is **denied**.

DATED this 19th day of February, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge