# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD CHUDACOFF, | |
| Plaintiff, | Case No. 2:08-cv-00863-RCJ-GWF |
| vs. | **ORDER** |
| UNIVERSITY MEDICAL CENTER, *et al.*, | |
| Defendants. | |

This matter comes before the Court on the Court's Order to Show Cause (#328), entered on December 1, 2011. The Court conducted a hearing on the Order (#328) on December 7, 2011 ("Hearing"). *See Minutes of Proceedings, Doc. #335*.

## BACKGROUND

A settlement conference was conducted in this matter on November 17, 2011. Present at the conference with respective counsel were Plaintiff, Defendant UMC, representatives of UMC, Defendant Ellerton, Defendant Bernstein, and Defendant Carrison. Contrary to the Court's Order Scheduling Settlement Conference (#316), however, a representative of Defendant UMC's insurance carrier Chartis was not present at the conference. The Court therefore entered an Order to Show Cause (#328) why Chartis should not be sanctioned. Plaintiff filed an Affidavit of Costs and Fees (#329) on December 2, 2011.

The Court conducted the Hearing on December 7, 2011. Present were Plaintiff's counsel Jacob Hafter and Michael Naethe and Defendant UMC's counsel Scott Cook on behalf of Chartis. The Court stated that it would "take the matter under submission" and issue an order awarding fees to Plaintiff. *Transcr. of Hearing* at 20:16-19. Mr. Cook represented that Chartis and UMC will

"resolve [...] between themselves" which entity is responsible for paying any fees. *Id.* at 25:11-14. No order awarding fees followed, and this case was reassigned to the undersigned on December 3, 2012. *See Doc. #594*.

## DISCUSSION

The Court will not revisit the previous magistrate's determination that sanctions are appropriate, and will award Plaintiff reasonable costs and fees. Reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed," and "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiff submitted an Affidavit (#29) detailing the costs incurred in preparing for the settlement conference on December 2, 2011. Mr. Hafter argues his reasonable hourly rate is $450.00 and Mr. Naethe's is $350.00. Mr. Hafter represents that he spent 13.75 hours preparing Plaintiff's settlement brief, and that Mr. Naethe spent 27 hours. The settlement conference, according to the Affidavit, lasted five hours. The Hearing on the Order to Show Cause lasted one hour. Plaintiff also represents that he cancelled a surgery to attend the conference, for which he would have been remunerated $1,700.00. *See Doc. #329, Exh. C*. Based on Mr. Hafter's representations, however, Plaintiff may have been able to conduct the surgery at a later date, *see*

*Transcr. of Hearing* at 7, and the Court will not include the lost income in its award of fees.

Mr. Hafter has 12 years of experience as an attorney, and Mr. Naethe has 8. The Court finds that a blended hourly rate of $300.00 for the preparation of Plaintiff's settlement brief is commensurate with the skill, experience, and reputation of Mr. Hafter and Mr. Naethe. Considering the reasonable amount of time required to draft a settlement brief and the benefits obtained from drafting a brief beyond use at a settlement conference, the Court will award Plaintiff fees for 20 hours of preparation. The Court will also award fees for Plaintiff's attendance at the settlement conference at an hourly rate of $350.00 for Mr. Hafter and $250.00 for Mr. Naethe. The Court will award fees for Mr. Hafter's attendance at the Hearing at an hourly rate of $350.00. Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall pay Plaintiff $9,600.00 in attorneys' fees.

**IT IS FURTHER ORDERED** that, in accordance with Mr. Cook's representations at the Order to Show Cause Hearing, Defendant UMC and Chartis shall determine which entity is responsible for paying the awarded fees.

DATED this 19th day of February, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge