UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD CHUDACOFF, ) | |
| Plaintiff, ) | Case No. 2:08-cv-00863-RCJ-GWF |
| vs. ) | **ORDER** |
| UNIVERSITY MEDICAL CENTER, *et al.*, ) | Motion to Extend Time (#646) |
| Defendants. ) | |

This matter comes before the Court on Defendants Ellerton, Bernstein, Carrison, Roberts, and Medical/Dental Staff of UMC's ("Defendants") Motion for Extension of Time (#646), filed on March 19, 2013. Defendants' Memorandum of Fees regarding the costs incurred for bringing their Motion (#609) was due February 15, 2013. *See February 1, 2013 Order, Doc. #615* at 10:8-17. Defendants' response to Plaintiff's Memorandum of Fees (#631) was due March 1, 2013. *Id.* at 10:1-5. Defendant did not file either memorandum, and now seeks an enlargement of time to do so.

At the January 17, 2013 hearing, the Court granted Plaintiff's Motion to Compel (#441). *See Minutes of Proceedings, Doc. #603*. The Court, in accordance with Rule 37(a)(5)(A), granted Plaintiff's Motion for Sanctions (#443) and awarded Plaintiff the costs incurred in bringing the Motion to Compel (#441). *See Order, Doc. #615*. The Court further ordered, however, that the awarded fees be offset by the expenses incurred by Defendants in bringing their Emergency Motion to Enforce Amended Stipulated Protective Order (#609). *See id.* at 8:19-21. The Court ordered both Plaintiff and Defendants to file memoranda of costs and fees associated with bringing their respective Motions (#441, #609) no later than February 15, 2013. *See id.* at 9:19-27, 10:8-16.

Plaintiff filed his Memorandum (#631) on February 15, 2013.

The Court may, for good cause, grant an extension of time on a matter "made after the time [to file] has expired if the party failed to act because of excusable neglect." *Howard v. Skolnik*, 2012 WL 3656494, *2 (D. Nev., August 23, 2012); *see also* Fed. R. Civ. P. 6(b)(1)(B). "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir.2000). Here, Defendants' counsel avers that the filing deadlines for Defendants' memoranda were mis-calendared, and counsel did not notice the oversight because of engagement in a trial in an unrelated case. The Order (#615) setting the briefing schedule for the memoranda was entered on February 1, 2013. Defendants' counsel's trial began on February 11, 2013, ten days after the Order (#615) was entered and four days before the first deadline. *See Decl. of Kim Mandelbaum, Esq., Doc. #646, Exh. B* at 10:8. The Court finds that the reason for the delay does not rise to the level of excusable neglect. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Extend Time (#646) is **denied**.

DATED this 22nd day of March, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge