UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD CHUDACOFF, | ) |
| Plaintiff, | ) Case No. 2:08-cv-00863-RCJ-GWF |
| vs. | ) **ORDER** |
| UNIVERSITY MEDICAL CENTER, *et al.*, | ) |
| Defendants. | ) |

This matter is before the Court on Plaintiff's Renewed Motion for Sanctions (#630), filed on February 15, 2013; Defendants' Opposition to Renewed Motion for Sanctions (#643), filed on March 4, 2013; Plaintiff's Status Report (#650), filed on March 25, 2013; Defendants' Status Update (#651), filed on March 25, 2013; and Plaintiff's Supplement to its Status Report (#652), filed on March 27, 2013. The Court conducted a hearing in this case on April 10, 2013, during which it ordered Defendants to submit their previously produced federal income tax returns for *in camera* review by the Court. Defendants' counsel submitted the tax returns for *in camera* review on April 12, 2013.

**BACKGROUND AND DISCUSSION**

This Court previously ordered Defendants Ellerton, Bernstein, Carrison and Roberts to produce copies of their 2010 and 2011 federal income tax returns, and to produce their 2012 federal income tax returns once they have been prepared. The Court also ordered Defendants to answer Plaintiff's interrogatories relating to their financial conditions, but limited the time period for the responses to January 1, 2011 to the present. The purpose of this discovery is to obtain financial information regarding Defendants' net worth for purposes of Plaintiff's claim for punitive damages.

The interrogatories, as limited by the Court, are as follows:

**Interrogatory No. 1:**

Please identify all bank accounts, investment accounts or other accounts with any financial institution which you have owned or been a signor between [January 1, 2011] and the present.

**Interrogatory No. 2:**

Please identify any ownership of any businesses which you, your spouse, or any of your family trusts may have had or currently own between [January 1, 2011] and the present.

**Interrogatory No. 3:**

Please identify any pieces of real estate which you, your spouse, or any of your family trusts may have had or currently own between [January 1, 2011] and the present.

**Interrogatory No. 4:**

Please identify any assets that were purchased for more than $10,000 which you, your spouse, or any of your family trusts may have had or currently own between [January 1, 2011] and the present.

**Interrogatory No. 5:**

Please state your net worth for the years ending [2011 and 2012] and describe with specificity how such was calculated.

**Interrogatory No. 6:**

Please identify (including name, address, and telephone number), any bookkeepers, accountants, CPA's or other financial professionals which you have engaged or have worked for you or your spouse [between January 1, 2011 and the present].

Defendants subsequently responded to each of the Interrogatory Nos. 1-5 by stating as follows:

> To the extent information sought by this Interrogatory exists, it is believed to be contained in the 2010 and 2011 IRS returns provided.

Defendants provided more specific answers as to where the information responsive to Interrogatory No. 6 can be found in their tax returns. Defendants submitted two sets of answers to interrogatories and amended answers to interrogatories, one set on behalf Drs. Ellerton and Roberts, and the other set on behalf of Drs. Carrison and Bernstein. Why Defendants answered in pairs is unclear. *See Plaintiff's Exhibit "A," Exhibits Filed Under Seal (#649).*

Fed.R.Civ.Pro. 33(d) states:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that may be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

*Mullins v. Prudential Ins. Co. of America*, 267 F.R.D. (W.D.Ky. 2010) sets forth the standards for interpreting and applying this rule:

> Rule 33(d) is not intended to be used as "a procedural device for avoiding the duty to give information." *In re Johnson,* 408 B.R. 115, 122 n. 3 (Bankr.S.D.Ohio 2009). In other words, "The responding party may not avoid answers by imposing on the interrogating party a mass of business records from which answers cannot be ascertained by a person unfamiliar with them." *In re G–I Holdings, Inc.*, 218 F.R.D. 428, 438 (D.N.J. 2003). A party who seeks to rely upon the Rule must not only certify that the answer may be found in the records referenced by it, but also "must specify where in the records the answers [can] be found." *Cambridge Electronics Corp. v. MGA Electronics, Inc.*, 227 F.R.D. 313, 322–23 (C.D.Cal.2004) (citing *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Investment Corp.,* 711 F.2d 902, 906 (9th Cir.1983)). A party that attempts to rely upon Rule 33(d) with a mere general reference to a mass of documents or records has not adequately responded. *Hypertherm, Inc. v. American Torch Tip Co.,* 2008 WL 5423833 at *3 (D.N.H.2008). *See also, Dunkin' Donuts, Inc. v. N.A.S.T., Inc.,* 428 F.Supp.2d 761, 770 (N.D.Ill.2005) (reference to documents in the possession of the requesting party and documents produced in this case held insufficient to meet the requirements of the Rule); *In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. 320, 325–26 (N.D.Ill.2005) ("[T]here must be a sufficiently detailed specification of the records to permit the interrogating party to find the document as readily as can the party served. These are not optional requirements. . . . [R]eferring to business records en masse, without specifying particular documents is 'an abuse of the option.'") (citing *Bonds v. Dist. of Columbia,* 93 F.3d 801, 811 (D.C.Cir.1996)).

Defendants' answers to the interrogatories do not comply with the requirements of Rule 33(d) as set forth in *Mullins* and the cases cited therein. First, Defendants do not certify that the information requested in the Interrogatories is contained in their federal income tax returns. Defendants state only that they believe the information is contained in their tax returns. Secondly,

while some information responsive to the interrogatories is contained in the tax returns, there is no reasonable certainty that the tax returns contain all of the requested information. The tax returns clearly do not contain a statement of Defendants' net worth as requested by Interrogatory No. 5. Nor does information contained in the tax returns reasonably allow the Plaintiff to calculate the Defendants' net worth. Third, except for Defendants' amended answers to Interrogatory No. 6, the answers do not specify where in the tax returns the information requested in each interrogatory can be found. The Court therefore finds Defendants' answers to the Interrogatories to be insufficient and evasive.

Interrogatories 1-6, as modified by the Court, are reasonably straightforward and can be answered by Defendants without undue burden. The Court therefore orders each Defendant to individually serve his answers to the interrogatories and to sign them under oath. The answers shall directly and completely answer the interrogatories without reference to documents in which the responsive information may be contained. Defendants shall serve their answers within fourteen (14) days of the date of this order.

The Court further finds that Plaintiff is entitled to an award of expenses pursuant to Rule 37(b)(2)(C) based on Defendants' and their counsel's failure to reasonably and in good faith comply with this Court's order (#615). The Court finds that an award of monetary sanctions in the form of granting Plaintiff's reasonable attorney's fees and other expenses in this matter is sufficient at this time. Given the current status of this action, Plaintiff has not been otherwise prejudiced by Defendant's and their counsel's continued dilatory conduct in providing discovery responses. Defendants and their counsel are cautioned, however, that the Court will impose more severe sanctions, if they do not provide discovery responses in compliance with this order. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Renewed Motion for Sanctions (#630) is **GRANTED** in accordance with the foregoing provisions of this order.

**IT IS FURTHER ORDERED** that Defendants shall serve responsive answers to interrogatories within fourteen (14) days of the filing of this order.

. . .

. . .

**IT IS FURTHER ORDERED** that Plaintiff is awarded his reasonable expenses, including reasonable attorney's fees incurred in regard to this motion.

1. Counsel for Plaintiff shall, no later than 14 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order.  The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work.  The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

2. Counsel for Defendants shall have 14 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

3. Counsel for Plaintiff shall have 7 days from service of the responsive memorandum in which to file a reply.

DATED this 22nd day of April, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge