# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD CHUDACOFF, | |
| Plaintiff, | Case No. 2:08-cv-00863-RCJ-GWF |
| vs. | **ORDER** |
| UNIVERSITY MEDICAL CENTER, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Memorandum in Support of Fees (#659), filed on May 6, 2013. Defendants Ellerton, Bernstein, Carrison, and Roberts ("Defendants") filed a Response (#660) on May 15, 2013. Plaintiff filed a Reply (#662) on May 22, 2013.

## BACKGROUND

Plaintiff filed a Motion for Sanctions (#630) on February 15, 2013 regarding Defendants' reported failure to respond fully to discovery requests as required by this Court's February 1, 2013 Order (#615). On March 19, 2013, the Court ordered the Parties to file status reports regarding the delinquent discovery. *See Minute Order, Doc. #645*. Plaintiff filed his Status Report (#650) on March 25, 2013. Defendants filed a Status Report (#651) on March 25, 2013 and a Supplement (#652) on March 27, 2013. The Court conducted a hearing on the Motion (#630) on April 10, 2013. *See Minutes of Proceedings, Doc. #654*. The Court entered an Order (#657) on April 22, 2013 granting Plaintiff's Motion (#630). Plaintiff subsequently filed the instant Memorandum of Fees.

## DISCUSSION

Reasonable attorneys' fees must "be calculated according to the prevailing market rates in

1  the relevant community," considering the fees charged by "lawyers of reasonably comparable skill,
2  experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984).
3  Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*,
4  214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking
5  the number of hours reasonably expended on the litigation and multiplying it by a reasonable
6  hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special
7  skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359,
8  364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting
9  the hours worked and rates claimed," and "[w]here the documentation of hours is inadequate, the
10 district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).
11 Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or
12 downward using a multiplier based on factors not subsumed in the initial calculation of the
13 lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).
14         Plaintiff's Counsel Jacob Hafter submitted an Affidavit (#659-1) detailing the costs
15 incurred in perusing the Motion for Sanctions (#630). Mr. Hafter argues his reasonable hourly rate
16 is $450.00, and his associate Mark Naethe's is $325. As in its previous Orders (#635, #644)
17 awarding Plaintiff's attorneys' fees, the Court finds that hourly rates of $350.00 for Mr. Hafter and
18 $250.00 for Mr. Naethe are commensurate with their skill, experience, and reputations. Mr. Hafter
19 represents he spent 2.5 hours drafting the renewed Motion (#630), and that Mr. Naethe spent 4
20 hours drafting the Status Report (#650). Mr. Hafter also states Mr. Naethe spent 1.5 hours
21 conducting research after the Motion (#630) was filed, and 1 hour in post-hearing intra-office
22 review. Because the award is only for Plaintiff's pursuit of his Motion (#630), the Court will not
23 award fees for this time. The Court will also award 1 hour for Mr. Naethe's attendance at the April
24 10, 2013 hearing. Accordingly,
25 ...
26 ...
27 ...
28 ...

**IT IS HEREBY ORDERED** that Defendants Bernstein, Ellerton, Carrison, and Roberts shall pay Plaintiff $2,125 in attorneys' fees within 14 days of the date of this Order.

DATED this 31st day of May, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge