JACOB L. HAFTER, ESQ.
Nevada State Bar No. 9303
**HAFTERLAW**
911 N. Buffalo Drive, Ste 209
Las Vegas, Nevada 89128
Tel: (702) 405-6700
Fax: (702) 685-4184

Attorneys for Plaintiff
RICHARD CHUDACOFF, M.D.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD M. CHUDACOFF, M.D.,<br><br>     Plaintiff,<br><br>  vs.<br><br>UNIVERSITY MEDICAL CENTER OF<br>SOUTHERN NEVADA, et al,<br><br>     Defendants. | Case No.: 2:08-cv-0863-RCJ-GWF |
| RICHARD M. CHUDACOFF, M.D.,<br><br>     Plaintiff,<br><br>  vs.<br><br>UNIVERSITY MEDICAL CENTER OF<br>SOUTHERN NEVADA, et al,<br><br>     Defendants. | Case No.: 2:09-cv-01679-RCJ-PAL<br><br><br>**MOTION FOR RECUSAL** |

COMES NOW, Plaintiff RICHARD M. CHUDACOFF, M.D., by and through his counsel, Jacob Hafter, Esq., of **HAFTERLAW**, and hereby submits his Motion for Recusal of Judge Jones from this case and all related cases ("Motion").  This Motion is made pursuant to Federal Rules of Civil Procedure, Local Rules 7-2, the attached memorandum of points and authorities, the exhibits hereto, the records and pleadings on file with the Court, of which

911 North Buffalo Drive, Suite 209
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

1   judicial notice is respectfully requested pursuant to Fed. R. Evid. 201, and any oral argument

2   entertained by the Court at the hearing set on this Motion.

3          Dated this 21st day of June, 2013.

4                                      **HAFTERLAW**

5

6                          By: _____

7                                JACOB L. HAFTER, ESQ.
                                 Nevada Bar Number 9303
8                                911 North Buffalo Drive, Ste 209
                                 Las Vegas, Nevada 89128
9                                Attorneys for Plaintiff

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///



911 North Buffalo Drive, Suite 209
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

**MEMORANDUM AND POINTS OF AUTHORITY**

## I.

### INTRODUCTION

A federal judge cannot be so dense and so malignant towards a litigant as Judge Jones has been to Dr. Chudacoff without having some bias.  Judge Jones has continuously acted in such a biased manner, through both delay and repeated erroneous decisions, that the only explanation for such behavior is a partiality against Dr. Chudacoff.

For the reasons stated herein, the Plaintiff asks this Court to recuse himself.

## II.

### LEGAL STANDARD FOR MOTION FOR RECUSAL

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which him impartiality "might reasonably be questioned." A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir.1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir.1980). In Liteky v. United States, 510 U.S. 540, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep

911 North Buffalo Drive, Suite 209
Las Vegas, Nevada 89128
(702) 4056700 Telephone
(702) 685-4184 Facsimile

HAFTERLAW

seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Id. at 555.

# III.

# LEGAL ANALYSIS

### A. THE COURT HAS MADE AND CONTINUES TO MAKE ERRONEOUS DECISIONS TOWARDS DR. CHUDACOFF.

This Court committed clear error when it dismissed Chudacoff v. UMC, et al, 2:09-cv-1679 ("Chudacoff II"). In a decision that was so basic as to not even require a formal decision, but simply a memorandum, the Ninth Circuit clearly reversed this Court's decision. See Chudacoff v. UMC, et al, 2:09-cv-1679, Document 119. Listening to the oral argument is even more instructive, as the Panel clearly is confused about how this Court managed the Chudacoff cases. See http://www.ca9.uscourts.gov/media/view.php?pk_id=0000010259 (visited June 21, 2013) (the Panel makes comments like "it amazes me" and "it's even worse than that" and "I don't know where the jurisdiction ever came from for Judge Jones" all talking about how this Court has managed the instant case.).

However, what this Court did today in Chudacoff v. UMC, et al, 2:08-cv-0863 ("Chudacoff I") is beyond egregious. See Chudacoff v. UMC, et al, 2:09-cv-1679, Document 669. The Court, in a clear attempt to castrate Dr. Chudacoff's federal claims, extended absolute immunity to the defendants for §1983 claims based on the Ninth Circuit's ruling in Buckwalter v. State of Nevada Bd. of Med. Exam'rs, 678 F.3d 737 (9th Cir. 2012), extending absolute immunity to the Board of Medical Examiners for a summary suspension.

In doing so, this Court talks out of both sides of its mouth. The Court recognizes that the instant case has nothing to do with a summary suspension by saying that "[p]reviously, at a deposition, Dr. Ellerton testified that the MEC's actions were not undertaken pursuant to their summary suspension power, but amounted to a routine administrative action, testimony that

911 North Buffalo Drive, Suite 209
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile


HAFTERLAW

was repeated in one of our previous Orders, and also quoted by the Ninth Circuit." <u>See</u> <u>Chudacoff v. UMC, et al</u>, 2:09-cv-1679, <u>Document 669</u> at 13:8-11.  And, yet, in order to apply absolute immunity to the Defendants under <u>Buckwalter</u>, the Court states" the facts of this case are more similar to the facts of <u>Buckwalter</u> than the facts of <u>Mishler</u>." <u>Id</u>. at 13:18-19.  This is a pure disregard for the facts of this case.  It is undisputed that the actions taken against Dr. Chudacoff were intended to be routine administrative actions; the fact that this Court cannot distinguish the acts from a summary suspension merely shows the abuse of power exercised by the Defendants, not the need to grant them absolute immunity!

However, the Court's errors do not stop there.  The Court then dismisses all §1983 claims under a theory of absolute immunity, despite the language of the Ninth Circuit in <u>Buckwalter</u>!   The Court in Buckwalter holds that such absolute immunity is only a bar on claims for money damages, as equitable relief, declaratory relief and injunctive relief are still viable claims even in cases of absolute immunity.  <u>Buckwalter</u>, *supra*, 678 F.3d at 747 (*citing* <u>Pulliam v. Allen</u>, 466 U.S. 522, 541–42, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984)).   In this Court's zeal to harm Dr. Chudacoff, it completely disregarded the fact that several forms of relief may be obtained under §1983 claims.

Regardless, the Court has issued its decision, and it will now be in the hands of the Ninth Circuit to, once again, set this Court straight.  The fact that Dr. Chudacoff's career has been destroyed and whose life is in shambles and only deteriorating by the day, should not mean anything to this Court – the same Court, who, at one time, actually recognized that his constitutional rights were, indeed, violated.  What's another two (2) years to a judge who has lifelong tenure?

Clearly, every substantive motion that Judge Jones has decided related to Dr. Chudacoff has contained grave errors of law and fact.  There is no reasonable basis, at this point, for believing that this Court can act in a non-biased manner with respect to Dr. Chudacoff.  For this reason, Judge Jones should recuse himself from the Chudacoff cases.

///

///

911 North Buffalo Drive, Suite 209
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

**B. THE COURT HAS DELAYED IN PROVIDING DR. CHUDACOFF WITH DECISIONS AND ONLY DID SO UNDER THREAT OF MANDAMUS**

Until today, there were 17 fully briefed motions which remained pending for anywhere between 239 and 456 days.   Dr. Chudacoff has filed, pursuant to Local Rule 7-6(b), eight (8) letters asking for an update on the pending motions.  See Documents 514, 633, 656, 658, 661, 663, 666 and 668.  Judge Jones failed to respond to a single request.   And yet, two days after Dr. Chudacoff filed the draft petition for writ of mandamus Judge Jones filed the order erroneously dismissing Dr. Chudacoff's §1983 claims.

Dr. Chudacoff is not surprised.   In fact, in the draft Writ, Dr. Chudacoff stated the following:

> Petitioner is well aware of the implications of this Petition.  Judge Jones has already issued an erroneous ruling which was adverse to Petitioner in a related case, see Chudacoff v. UMC, et al, 2:09-cv-1679, which was recently overturned by this Court in April, 2013.  See Case No. 11-16232.  Nonetheless, such erroneous decision still added two years of a delay to that case.  Petitioner is highly fearful that the District Court may repeat such erroneous actions.  For that reason, Petitioner believes that a recusal of Judge Jones from the instant case is warranted.  However, Petitioner is also aware that, to date, he has insufficient evidence to bring a motion to recuse under the current law of the Circuit.  Petitioner, however, would appreciate if this Court may provide some safeguard to ensure that the District Court does not take a punitive action against him for bringing this instant Petition.

Document 668-1 at fn 1.  For this reason, there is a clear presumption that the Order was, to some extent, retaliatory.[1]

---

[1]    Putting aside the erroneous decision with respect to absolute immunity, the complete arbitrary nature of this Court's actions towards Dr. Chudacoff and this office is even seen in the attorneys' fee award that was made.  Despite this Court previously awarding this office anywhere between $350 and $450 an hour for attorneys' fees in the Chudacoff cases as well as other physician rights cases, the Court arbitrarily picked $300 an hour, out of the air, the lowest fee this Court has ever awarded to this office, to use as an appropriate fee.

911 North Buffalo Drive, Suite 209
Las Vegas, Nevada 89128
(702) 4056700 Telephone
(702) 685-4184 Facsimile
HAFTERLAW

At this point, the impartiality, objectivity and unbiased nature of the Court is clearly in question.  There was no reason to hold 17 motions (including 2 unopposed motions) for so long.  Worse, the Order which was filed today, did not even resolve all of these motions!  The following Motions are still outstanding:

| MOTION | Doc # | Filed Date | Brief Date | Days Briefed |
|---|---|---|---|---|
| First MOTION in Limine to preclude evidence related to quality of care by Plaintiff Richard Chudacoff, MD. (Hafter, Jacob) | 378 | 3/5/2012 | 3/22/2012 | **456** |
| Second MOTION in Limine Regarding Use of State Court Materials by Plaintiff Richard Chudacoff, MD. (Hafter, Jacob) | 380 | 3/5/2012 | 3/22/2012 | **456** |
| MOTION for Leave to File Reply re: 378 First MOTION in Limine; filed by Plaintiff Richard Chudacoff, MD. Hafter, Jacob) | 429 | 4/2/2012 | 4/19/2012 | **438** |
| OBJECTIONS re LR IB 3-1 or MOTION for District Judge to Reconsider Order re 573 Order on Motion to Strike by Plaintiff Richard Chudacoff, MD. (Hafter, Jacob) | 578 | 9/28/2012 | 10/22/2012 | **244** |
| OBJECTIONS re LR IB 3-1 or MOTION for District Judge to Reconsider Order re 580 Order on Motion to Strike by Plaintiff Richard Chudacoff, MD. (Hafter, Jacob) | 581 | 9/28/2012 | 10/25/2012 | **239** |

Moreover, the impartiality of this Court is even further questioned by the fact that the Court did not dismiss the case.  If, in fact, the §1983 claims are all dismissed based on absolute immunity, then there are no more federal claims remaining in the case.  While the Court can retain the remaining claims under supplemental jurisdiction, it is most uncommon for this Court to do so.  In fact, this court never retains jurisdiction on supplemental claims.  The only reason why it can be understood that the Court would do so, is to continue to be able to influence this case, to the detriment of Dr. Chudacoff.

///

///

///

///

911 North Buffalo Drive, Suite 209
Las Vegas, Nevada 89128
(702) 405-6700 Telephone
(702) 685-4184 Facsimile

HAFTERLAW

**IV.**

**CONCLUSION**

While this Court may not be biased towards Dr. Chudacoff, the erroneous nature of all of the substantive rulings which Judge Jones has made towards Dr. Chudacoff and the continual delays which this Court has caused Dr. Chudacoff create the strong impression that this Court is biased against him.

Accordingly, the Plaintiff requests that Judge Jones recuse himself immediately from all Chudacoff related cases.

Dated this 21st day of June, 2013.

**HAFTERLAW**

By: _____

JACOB L. HAFTER, ESQ.
Nevada Bar Number 9303
911 N. Buffalo Drive, Suite 209
Las Vegas, Nevada 89128
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2013, I, personally, did electronically transmit the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing on the following CM/ECF registrants:

KIM I. MANDELBAUM, ESQ.
Mandelbaum & Schwarz, LTD
2012 Hamilton Lane
Las Vegas, Nevada 89106

LYNN HANSEN, ESQ.
Jimmerson Hansen
415 S. Sixth Street, Suite 100
Las Vegas, Nevada 89101

SCOTT COOK, ESQ.
Kolesar and Leatham
400 South Rampart, Suite 400
Las Vegas, Nevada 89145

HAROLD GEWERTER, ESQ.
5536 S. Fort Apache Road, Suite 102
Las Vegas, NV 89148

WALTER R. CANNON, ESQ.
Olsen, Cannon, Gormley & Desruisseaux
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129