# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD CHUDACOFF, | ) |
| Plaintiff, | ) |
| vs. | ) 2:08-cv-00863-RCJ-GWF |
| UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA et al., | ) **ORDER** |
| Defendants. | ) |

This case arises out of the suspension of a doctor's hospital privileges and the external reporting of the suspension. Fifteen motions are pending before the Court, including three motions for summary judgment. In the present Order, the Court adjudicates twelve of those motions but leaves the three motions for summary judgment for a future order.

## I.    FACTS AND PROCEDURAL HISTORY

The facts of this case are relatively simple, but the procedural history is complex. The Court will attempt to simply matters via the present order.

### A.    Facts

In July 2008, Dr. Richard Chudacoff, sued University Medical Center of Southern Nevada ("UMC"), The Medical and Dental Staff of UMC (the "UMC Staff"), Rory Reid, Kathleen Silver, Brian Brannman, John Ellerton, Marvin Bernstein, Dale Carrison, and Donald

Roberts in this Court for declaratory and injunctive relief. Plaintiff is a an Obstetrician and Gynecologist licensed to practice in Nevada, California, and Texas. (Compl., July 2, 2008, ¶¶ 17–18). He graduated from medical school in 1989, served as a doctor in the U.S. Navy until 1995, and was a private practitioner in Texas thereafter until 2007, including serving as a Clinical Assistant Professor at Baylor College from 2000–2007. (*See id.* ¶¶ 16, 19–20). He moved to Las Vegas, Nevada in February 2007, and he was appointed as an Assistant Professor with the University of Nevada School of Medicine that year, obtaining staff privileges at UMC in December of that year. (*Id.* ¶¶ 25–26).

At UMC, Plaintiff observed deficiencies in the skills of the residents he observed at UMC as compared with the residents he had observed in Texas, which resulted in surgical complications in patients that Plaintiff assisted in correcting. (*Id.* ¶¶ 28–29). On April 16, 2008, Plaintiff wrote a long email to Dr. Paul Stumpf, Professor and Chair of Obstetricians and Gynecologists at UMC to memorialize conversations he had had with Dr. Stumpf regarding these issues and recommending some improvements. (*Id.* ¶ 30). On May 28, 2008, Plaintiff received a two page communication from Ellerton, Chief of Staff at UMC, indicating that the Medical Executive Committee ("MEC") of the Staff had "suspended, altered, or modified" his staff privileges and requested that he undergo drug testing and physical and mental examinations (the "Ellerton Letter"). (*Id.* ¶ 31). The Ellerton Letter indicated that Plaintiff was entitled to a hearing according to the Medical Staff Bylaws (the "Bylaws"), and Plaintiff retained counsel ("Hearing Counsel") through his malpractice insurer to represent him. (*Id.* ¶¶ 33–34). Hearing Counsel wrote to UMC's counsel on June 2, 2008, complaining that there had been no pre-deprivation hearing, requesting the production of relevant records before the post-deprivation hearing, and requesting that the adverse action not be publicized until Plaintiff had an opportunity to respond to the allegations. (*See id.* ¶¶ 35–36).

On June 10, 2008, Plaintiff received a letter from University of Nevada, Reno President

Milton Glick indicating that Plaintiff's professorship had been terminated because of the suspension of Plaintiff's staff privileges (the "Glick Letter"). (*Id.* ¶ 37). On June 16, 2008, Defendants filed a report (the "Report") with the National Practitioner Data Bank ("NPDB") stating that Plaintiff's staff privileges had been suspended for "substandard or inadequate care" and "substandard or inadequate skill level." (*Id.* ¶ 38). In the Report, Defendants cited four cases where Plaintiff has allegedly caused "serious operative complications during gynecological surgery," once incident of failure to respond to a medical emergency, and several complaints of disruptive physician behavior. (*Id.* ¶ 39). Plaintiff was unaware of any such alleged misconduct before learning of the Report. (*Id.* ¶ 40). On June 18, 2008, Plaintiff was denied temporary privileges at another hospital because of his suspension at UMC. (*Id.* ¶ 41). On June 20, 2008, a private medical device company, Intuitive Surgical, informed Plaintiff that he could no longer serve as a proctor for it because of the Report. (*See id.* ¶ 42). As of the date of the original Complaint, Plaintiff had not been provided with the medical records concerning his alleged malfeasance and had received no hearing date. (*See id.* ¶¶ 43–47).

### B. Procedural History

Plaintiff sued Defendants in this Court for violations on the Due Process Clause of the Fourteenth Amendment, breach of the implied covenant of good faith and fair dealing, negligence, libel, slander, negligent infliction of emotional distress ("NIED"), intentional infliction of emotional distress ("IIED"), negligent interference with prospective economic advantage, and intentional interference with prospective economic advantage.

The First Amended Complaint ("1AC") added a claim for declaratory and injunctive relief that had apparently been accidentally omitted from the Complaint. (*See* First Am. Compl., Sept. 22, 2008, ECF No. 46). Judge Reed denied Plaintiff's first motion for a temporary restraining order, but granted a successive motion, temporarily restraining Defendants from:

threatening to or actually filing a report with the Nation Practitioner Data Bank, as

well as the Nevada Board of Medical Examiners and any other hospitals or health care organizations regarding the suspension of Plaintiff's medical staff privileges as a result of certain allegations related to the accurateness of Plaintiff's application for medical staff privileges.

(*See* Min. Order, Nov. 24, 2008, ECF No. 56; TRO, Nov. 26, 2008, ECF No. 58; Extension of TRO, Dec. 9, 2008, ECF No. 69). After a two-day hearing, Judge Reed denied a motion to dismiss based upon immunity under the Health Care Quality Improvement Act ("HCQIA"), denied a motion to stay pending exhaustion of administrative remedies, and granted Plaintiff a preliminary injunction. (*See* Mins., Jan. 6, 2009, ECF No. 81; Prelim. Inj., Jan. 7, 2009, ECF No. 84).

As requested by Judge Reed at the previous hearing, Plaintiff then filed the Second Amended Complaint ("2AC") to seek the injunction Judge Reed had preliminarily granted against Defendants reporting to the NPDB that Plaintiff's privileges had been suspended for his having falsified his application for privileges. (*See* Second Am. Compl., Jan. 6, 2009, ECF No. 82). Judge Reed granted Plaintiff partial summary judgment that his procedural due process rights had been violated by the pre-hearing suspension of his privileges at UMC and reporting to NPDB, and that Defendants were not entitled to immunity under HCQIA, but denied Plaintiff's motion for a preliminary injunction requiring Defendants to withdraw their report to NPDB. (*See* Order, Apr. 8, 2009, ECF No. 106; Am. Order, Apr. 14, 2009, ECF No. 109). Judge Reed denied cross-motions to reconsider. (*See* Order, May 13, 2009, ECF No. 137). The parties then filed a flurry of summary judgment motions. While those motions were pending, Judge Reed denied a motion for permanent injunction, a motion to reconsider, and a motion for a TRO. (*See* Mins., June 30, 2009, ECF No. 188; Mins., July 1, 2009, ECF No. 190; Order, Aug. 25, 2009, ECF No. 221).[1] Judge Reed denied as frivolous Plaintiff's motion for an order to show cause and

---

[1] At this stage, Plaintiff had been filing numerous repetitive motions for the same injunctive relief, and on August 28, 2009, Plaintiff filed a separate action ("*Chudacoff II*") assigned to this Court based upon several individual doctors' actions in administrative hearings

Page 4 of 12

warned Plaintiff not to file any more frivolous motions but denied Rule 11 sanctions because Defendants had not complied with the procedural requirements of that rule. (*See* Mins., Nov. 3, 2009, ECF No. 227). In a separate minute order issued the same day, Judge Reed denied Plaintiff's motion to reconsider the denial of a previous motion to reconsider. (*See* Mins., Nov. 3, 2009, ECF No. 228).

In a forty-two page order, Judge Reed then adjudicated thirteen pending motions, including eight motions for summary judgment. (*See* Order, Nov. 4, 2009, ECF No. 229). Judge Reed first denied Plaintiff's motion to file a third amended complaint for futility, noting that the new proposed claims under 42 U.S.C. § 1983 were not sufficiently pled. (*See id.* 11–14). Judge Reed then granted summary judgment to Defendants on Plaintiff's first and second causes of action for due process violations. (*See id.* 20–22). Judge Reed granted summary judgment to Defendants on the defamation claims based upon qualified privilege. (*See id.* 26–27). Judge Reed granted summary judgment to Defendants on the negligence claim because the claim was ultimately based upon an agreement between the parties. (*See id.* 27–28). Judge Reed granted summary judgment to Defendants on the IIED and NIED claims for failure to allege any objectively verifiable physical manifestations of distress. (*See id.* 28–29). Judge Reed granted summary judgment as a matter of law as to the negligent interference with prospective economic advantage claim because there is no such cause of action and granted summary judgment on the intentional interference with prospective economic advantage claim for failure to create a genuine issue of material fact. (*See id.* 29–30). Judge Reed granted summary judgment to the doctor Defendants and the Staff on the breach of the implied covenant of good faith and fair dealing claim because the alleged contract was only with UMC, if anybody. (*See id.* 31). Judge Reed upheld the HCQIA as constitutional. (*See id.* 33–37). Judge Reed granted summary

---

against him subsequent to the filing of the present case ("*Chudacoff I*"). (*See* Compl., Aug. 28, 2009, ECF No. 1 in Case No. 2:09-cv-1679).

judgment to Defendants as to Plaintiff's prayer for punitive damages, noting that the only surviving claim was the claim for breach of the implied covenant of good faith and fair dealing as against UMC and the Commissioners, and contract-based claims could not support punitive damages by statute in Nevada. (*See id.* 37). Judge Reed then exercised his discretion to dismiss that remaining claim without prejudice under 28 U.S.C. § 1367. (*See id.* 37–39).

The Clerk entered judgment, and Plaintiff appealed. *See Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1146 (9th Cir. 2011). Judge Reed denied attorney's fees to Defendants under 42 U.S.C. § 1988(b). (*See* Min. Order, Jan. 8, 2010, ECF No. 253). The Court of appeals affirmed in part, reversed in part, and remanded, ruling that the "individually named doctor defendants who serve as voting members of UMC's physician credentialing committee and who therefore directly participated in the unlawful suspension of Chudacoff's staff privileges," i.e., Ellerton, Carrison, Bernstein, and Roberts, were amenable to suit under § 1983, but that because Plaintiff had not shown that his alleged constitutional injuries were the result of any institutional policies, the other Defendants were not. *See id.* at 1146, 1149. The Court of Appeals ruled:

> that a sufficiently close nexus exists here and that the doctor defendants, in suspending Chudacoff's privileges to practice at a county hospital, were clothed with the authority of state law. Although comprised of privately employed physicians, the Medical Staff of UMC is controlled and managed by the UMC Board. Further, the doctors' authority to deprive Chudacoff of his staff privileges flows directly from the UMC, whose authority to regulate physician privileges at a county hospital is in turn directly authorized by Nevada law. The actions of defendants Ellerton, Carrison, Bernstein, and Roberts as governing members of the Medical Staff are therefore fairly attributable to the state, and they cannot now escape liability for their direct and personal participation in Chudacoff's unlawful suspension of staff privileges by claiming private conduct.

*Id.* at 1150–51 (citations and internal quotation marks omitted). The Court of Appeals affirmed summary judgment as to Silver, because she served on the MEC in a "non-voting, non-deliberating capacity," and as to UMC, the Staff, and the Commissioners for failure to satisfy *Monell*. *See id.* at 1151–52. The Court of Appeals ordered that Plaintiff be given leave to amend to add § 1983 claims against Ellerton, Carrison, Bernstein, and Roberts. *See id.* at 1152. In a

1  separate memorandum opinion, the Court of Appeals affirmed summary judgment on the state
2  law claims. (*See* Mem. Op., June 9, 2011, ECF No. 254).
3        On October 21, 2011, Judge Reed adjudicated several motions. (*See* Order, Oct. 21, 2011,
4  ECF No. 302). Judge Reed granted Plaintiff's motion to amend consistent with the Court of
5  Appeals' ruling but refused to permit Plaintiff to join Defendants he had separately sued in
6  *Chudacoff II*, noting that this Court in that case had already adjudicated those claims in favor of
7  those defendants. (*See id.* 3–4). Judge Reed noted that this Court had dismissed for claim
8  preclusion as against the individual doctors who are Defendants in *Chudacoff I* and had granted
9  summary judgment against the new individual defendants in *Chudacoff II* based upon Judge
10 Reed's now-overturned ruling that the individual doctors were not amenable to suit under
11 § 1983. (*See id.*).[2] Judge Reed denied Plaintiff's motion to consolidate *Chudacoff I* and
12 *Chudacoff II* for lack of jurisdiction because the latter case was on appeal; he declined to make
13 an indicative ruling. (Order 5, Oct. 21, 2011, ECF No. 302). Judge Reed denied a motion to
14 reconsider dismissal of Silver, denied as premature Plaintiff's motion for attorney's fees, granted
15 Plaintiff's motion to reconsider dismissal of the breach of the implied covenant of good faith and
16 fair dealing claim as against UMC and the Commissioners, noting that the only reason for the
17 previous dismissal was a discretionary declination of supplemental jurisdiction, and granted
18 Plaintiff's motion to re-open discovery. (*See id.* 5–8).
19       Plaintiff filed the Third Amended Complaint ("3AC"). (*See* Third Am. Compl., Oct. 23,
20 2011, ECF No. 303). Only the first two of the eight causes of action listed in the 3AC remained
21 viable at that stage: (1) due process violations pursuant to § 1983 against Ellerton, Carrison,

---

[2] The Court of Appeals has since reversed summary judgment in *Chudacoff II* because all individual doctor defendants in that case are amenable to a § 1983 action, and because the claims in *Chudacoff II* against some of the same Defendants as in *Chudacoff I* arise out of subsequent events, i.e., later administrative hearings, and are therefore not precluded by the rulings in *Chudacoff I*.

1  Bernstein, and Roberts; and (2) breach of the implied covenant of good faith and fair dealing
2  against UMC and Clark County Commissioners (in their capacity as trustees of UMC) Bruce
3  Woodbury, Tom Collins, Chip Maxfield, Lawrence Weekly, Chris Giunchigliani, Susan Brager,
4  and Rory Reid. (*See id.*).  Judge Reed denied Plaintiff's motion for discovery sanctions,
5  permitted Plaintiff to proceed with the state law claim as against the Staff, denied Plaintiff's
6  request to fiel a fourth amended complaint listing additional members of the MEC as to the
7  § 1983 claim, clarified some discovery issues, ordered Plaintiff to file a fourth amended
8  complaint, and denied a motion to set a trial date. (*See* Order, Dec. 21, 2011, ECF No. 340).

9        Plaintiff filed the Fourth Amended Complaint ("4AC"), listing two causes of action: (1)
10  due process violations pursuant to § 1983 against Ellerton, Carrison, Bernstein, and Roberts; and
11  (2) breach of the implied covenant of good faith and fair dealing against UMC, the Staff, and
12  Clark County Commissioners (in their capacity as trustees of UMC) Bruce Woodbury, Tom
13  Collins, Chip Maxfield, Lawrence Weekly, Chris Giunchigliani, Susan Brager, and Rory Reid.
14  (*See* Fourth Am. Compl., Jan. 3, 2012, ECF No. 343).  Judge Reed granted summary judgment to
15  Defendants that Nevada's statutory damages cap under Nevada Revised Statutes ("NRS") section
16  41.035 applied to the second cause of action, because Plaintiff's prayer for certain measures of
17  damages made it clear that he sought a remedy in tort, not in contract. (*See* Order, Feb. 28, 2012,
18  ECF No. 366).  Judge Reed struck the 4AC but denied sanctions and gave Plaintiff leave to file a
19  fifth amended complaint omitting Doe Defendants, adding the new individual Defendants he had
20  previously sought to add, i.e., the other voting members of the MEC, and adding a claim for a
21  contractual breach of the implied covenant of good faith and fair dealing. (*See* Order, July 6,
22  2012, ECF No. 493).  Judge Reed awarded sanctions (in an amount to be determined after further
23  briefing) to Plaintiff because Defendants had failed to comply with a court-approved stipulation
24  requiring them to cause the NPDB to void the previous Report Defendants had made to it. (*See*
25  *id.*).  Judge Reed denied Plaintiff's motion to strike and repetitive motion to set a trial date. (*See*

*id.*).

Plaintiff filed the Fifth Amended Complaint ("5AC"), the current version of the Complaint, listing three causes of action: (1) due process violations pursuant to § 1983 against Ellerton, Carrison, Bernstein, Roberts, Paul Bandt, Jim Christensen, John Fildes, Thomas Hunt, Craig Iwamoto, Daniel Kirgan, Deborah Kuhls, Terry Lewis, Frederick Lippmann, Dianne Mazzu, John McCourt, Paul Stewart, Thomas Vater, Meena Vohra, and Craig Voss (collectively, "MEC Defendants"); (2) tortious breach of the implied covenant of good faith and fair dealing against UMC, the Staff, and Clark County Commissioners (in their capacity as trustees of UMC) Bruce Woodbury, Tom Collins, Chip Maxfield, Lawrence Weekly, Chris Giunchigliani, Susan Brager, and Rory Reid (collectively, "UMC Defendants"); and (3) contractual breach of the implied covenant of good faith and fair dealing against UMC Defendants. (*See* Fifth Am. Compl., July 6, 2012, ECF No. 494).

On September 28, 2012, the present case, *Chudacoff I*, was reassigned to this Court. (*See* Order, Sept. 28, 2012, ECF No. 572). In a thirty-two page order, the Court adjudicated two motions to dismiss and five motions for summary judgment. (*See* Order, June 21, 2013, ECF No. 669). The Court denied motions to dismiss under the statute of limitations brought by the fifteen newly added MEC Defendants but left open the possibility that they could obtain summary judgment on the issue. (*See id.* 7–8). The Court granted summary judgment against the § 1983 claims, however, based upon absolute immunity under *Buckwalter v. Nev. Bd. of Med. Examiners*, 678 F.3d 737 (9th Cir. 2012). (*See id.* 10–24). The Court denied summary judgment to UMC, the Staff, and the Commissioners on the breach of the implied covenant of good faith and fair dealing claims. (*See id.* 25–28). The Court granted summary judgment aginst punitive damages as to the § 1983 claim but not as to the tort-based state law claim. (*See id.* 28). Plaintiff appealed, and the Court of Appeals dismissed the appeal for lack of jurisdiction upon Defendants' motion. (*See* Order, July 11, 2013, ECF No. 699).

## II. DISCUSSION

Fifteen motions are pending before the Court. First are two motions in limine filed in March 2012. Plaintiff asks the Court to exclude under Rule 402 any evidence of the quality of care Plaintiff provided as irrelevant to the question of his due process rights. Because the Court has granted summary judgment against the § 1983 claim, it denies the motion in limine as moot. Second, Plaintiff asks the Court to exclude any reference to an order issued by Judge Susan Johnson of the Eighth Judicial District Court because Defendants failed timely to disclose it and because it may confuse the jury. The Court grants this motion under Rule 403. The order concerns the state court's dismissal of Plaintiff's petition for judicial review of the administrative proceedings against him for lack of jurisdiction. That order will only tend to confuse the jury and is not relevant to the remaining contractual claims.

Next, Plaintiff objects to two orders by the magistrate judge denying Plaintiff's motions to strike expert reports. The Court denies the motions. They are based upon Plaintiff's arguments that the expert reports are by witnesses who are not in fact experts or which contain information that is not properly admitted as expert opinion. Any proffered experts will be subject to qualification at trial, and if found competent their proffered opinions will be subject to *Daubert*.

Next, Plaintiff asks me to recuse based upon "delay and repeated erroneous decisions" in this case and *Chudacoff II*. Legal error, however, does not constitute grounds for recusal without a showing of external personal bias:

> Texaco requests a new trial because of an alleged judicial bias in favor of Hasbrouck. A judge is required to disqualify himself if his impartiality might reasonably be questioned, or if he has a personal bias or prejudice for or against a party. The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings. However, Texaco points to no extrajudicial basis for the alleged bias and in fact offers no evidence that the trial judge acted in less than a wholly impartial manner. Texaco supports its allegations of bias merely by pointing to alleged errors at trial in refusing a request to disqualify jurors, formulating preliminary and final jury instructions, and overruling defense

>objections. Even if these ruling[s] were erroneous, and we do not suggest that they were, they could not justify a finding of judicial bias. Texaco's claim of judicial bias is wholly without merit.

*Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045–46 (9th Cir.1987) (citations omitted). As to delay, this case is one of the Court's most procedurally complex cases on its extremely full calendar and was not originally assigned to this Court. Although it took the Court up to nine months to rule on several of the recent important motions after being assigned to the case, this amount of delay is unfortunately not unusual in this District or others, especially given the judicial vacancies that have plagued the District for the past few years. The Court assures all parties that no delay in this case is due to any bias. Finally, counsel is forewarned that some of the language in the motion is contemptuous. Counsel has a right to make his legal arguments here and on appeal, but counsel risks sanctions if he cannot control his emotions like an adult and conduct himself in a professional manner. The Court expects better of its officers. The Court will deny the motion, grant Defendants' motion to strike it, and deny as moot Defendant's motion for leave to file a sur-reply.

Next, the Court denies Defendants' motion to strike the amended notice of appeal as moot. As noted, *supra*, the Court of Appeals has denied the appeal for lack of jurisdiction. The Court grants Plaintiff's motion for leave to file a sur-reply with respect to Defendants' motion for summary judgment. The Court also grants Plaintiff's motions for leave to file overlength briefs.

///
///
///
///
///
///
///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion in Limine (ECF No. 378) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion in Limine (ECF No. 380) is GRANTED.

IT IS FURTHER ORDERED that the Leave to File Reply (ECF No. 429) is DENIED.

IT IS FURTHER ORDERED that the Objections (ECF Nos. 578, 581) are DENIED.

IT IS FURTHER ORDERED that the Motion for Recusal (ECF No. 672) is DENIED.

IT IS FURTHER ORDERED that the Motion to Strike (ECF No. 674) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Strike (ECF No. 676) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Leave to File Sur-Reply (ECF No. 687) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion for Leave to File Sur-Reply (ECF No. 697) and Motions For Leave to File Overlength Brief (ECF Nos. 705, 710) are GRANTED.

IT IS SO ORDERED.

Dated this 16th day of September, 2013.

_____
ROBERT C. JONES
United States District Judge